**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| MODENA NAVIGATION LLC, | ) | Case No. 2:25-cv |
|  | ) |  |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| HYUNDAI MOTOR COMPANY and KIA COPORATION, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Modena Navigation LLC ("Modena" or "Plaintiff") for its Complaint against Defendants Hyundai Motor Company and Kia Motors Corporation (collectively "Hyundai" or "Defendants") alleges as follows:

**THE PARTIES**

1.      Modena is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, Texas 75670.

2.      Upon information and belief, Defendant Hyundai Motor Company is a Korean corporation, both with its principal place of business located at 12 Heolleung-ro Seocho-gu, Seoul, 06797, Republic of Korea.  Upon information and belief, Hyundai is one of the largest automotive manufacturers in the world and the United States. Upon information and belief, Hyundai does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

3.      Upon information and belief, Defendant Kia Motors Company is a Korean corporation with its principal place of business located at 730-7 Mok-dong, Yangcheon-gu Seoul,

1

Seoul, 07946 Republic of Korea.  Upon information and belief, Kia does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION

4.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendants.  Defendants regularly conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this Judicial District and/or have contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendants are not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

7.      Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to their substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

8.      On June 10, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,385,881 (the "'881 Patent ") entitled "Display Mode Control Method for an Electronic Device."    A  true  and  correct  copy  of  the  '881 Patent  is  available  at:

https://patentimages.storage.googleapis.com/6d/d0/bf/d86f352663592d/US7385881.pdf.

9.      On June 21, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,966,124 (the "'124 Patent") entitled "Navigation Device and its Navigation Method for Displaying Navigation Information According to Travelling Direction."  A true and correct copy of the '124 Patent is available at: j/https://patentimages.storage.googleapis.com/b8/43/e8/79408db0fae575/US7966124.pdf.

10.     On March 6, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,131,461 (the "'461 Patent") entitled "Navigation Methods and Systems". A true and correct copy of the '461 Patent is available at: https://patentimages.storage.googleapis.com/7d/5c/43/8a6f03d19207a2/US8131461.pdf.

11.     On April 16, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,423,286 (the "'286 Patent") entitled "Method for Displaying Activity Information on a Navigation device and Related Navigation Device."  A true and correct copy of the '286 Patent is available at: kaj/https://patentimages.storage.googleapis.com/3d/9c/03/9ed099b924ce32/US8423286.pdf.

**12.**     Modena is the sole and exclusive owner of all right, title, and interest in the '881 Patent, the '124 Patent, the '461 Patent, and the '286 Patent (collectively, the "Patents-in-Suit" or "Asserted Patents") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit.  Modena also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## **FACTUAL ALLEGATIONS**

13.    The '881 Patent generally relates to a display mode control method including the steps of: enabling an electronic device to determine the time of day; and enabling the electronic device to operate a display panel thereof in a first display mode when the time of day corresponds to nighttime, and in a second display mode when otherwise.  The technology described in the '881 Patent was developed by Yu-Chien Huang at MiTAC International Corp.  For example, this technology is implemented in Defendants' infotainment systems, known as Connected Car Navigation Cockpit (ccNC), and Defendants' navigation systems, including previous versions thereof, included in commercial and personal vehicles, in all trims and configurations, such as the Hyundai Veloster Turbo, Hyundai Elantra Sport, Hyundai Tucson, Hyundai Accent, Kia Soul Turbo, Kia Forte5 (Kia Cerato5 in some regions), Kia Forte Koup, Kia Ceed GT, Hyundai Creta Hyundai Accent, Hyundai Venue, Hyundai Kona, Hyundai Santa Cruz, Hyundai Tucson, Hyundai Tucson Hybrid, Hyundai Plug-in Hybrid, Hyundai Santa Fe, Hyundai Santa Fe Hybrid, Hyundai Santa Fe Plug-in Hybrid, Hyundai Palisade, Hyundai Fuel Cell, Hyundai Elantra, Hyundai Elantra Hybrid, Hyundai Elantra N, Hyundai Sonata, Hyundai Sonata N, Hyundai Sonata Hybrid, Hyundai Veloster, Hyundai Creta, Hyundai XCIENT, Kia Soul, Kia Seltos, Kia Sportage, Kia Sorento, Kia Carnival MPV, Kia Telluride, Kia Niro, Kia Sportage Hybrid, Kia Miro Plug-in Hybrid, Kia Sorento Hybrid, Kia Sportage Plug-in Hybrid, Kia Sorento Plug-in Hybrid, Kia Rio, Kia Rio 5-Door, Kia Forte, Kia K5, Kia Stinger, Genesis GV60, Genesis GV70, Genesis Electrified GV70, Genesis GV80, Genesis G70, Genesis G80, Genesis, Electrified G80, Genesis G90, and Genesis GV60, among other automotive vehicles (collectively, the "Accused Products").

14.    The '124 Patent generally relates to a system and method used for displaying navigation information according to a traveling direction of the navigation device.  The technology described in the '124 Patent was developed by Neng Liu at MiTAC International Corp.  For

example, this technology is implemented in Defendants' infotainment systems and Defendants' navigation systems, including previous versions thereof, included in commercial and personal vehicles, in all trims and configurations, such as the Accused Products.

15.    The '461 Patent generally relates to a system and method device navigation route planning based on a navigation condition.  The technology described in the '461 Patent was developed by Hui-Ching Chuang at MiTAC International Corp. For example, this technology is implemented in Defendants' infotainment systems and Defendants' navigation systems, including previous versions thereof, included in commercial and personal vehicles, in all trims and configurations, such as the Accused Products.

16.    The '286 Patent generally relates to a system and method for receiving a positioning signal, displaying a navigation map corresponding to the positioning signal, receiving a plurality of activity information with latitude and longitude, providing an information preference menu, and displaying an activity icon of corresponding activity information on a corresponding activity location of the navigation map according to the setting of the information preference menu and the latitude and longitude.  The technology described in the '286 Patent was developed by Shun-Cheng Hung at MiTAC International Corp. For example, this technology is implemented in Defendants' infotainment systems and Defendants' navigation systems, including previous versions thereof, included in commercial and personal vehicles, in all trims and configurations, such as the Accused Products.

17.    Hyundai has infringed and continues to infringe the Patents-in-Suit Patent by one or more of making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing commercial and personal vehicles, which are used or tested by Hyundai and its direct or indirect customers or users in the United States.

## COUNT I
### (Infringement of the '881 Patent)

18.     Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19.     Modena has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '881 Patent.

20.     Defendants have and continue to directly infringe the '881 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more claims of the '881 Patent.  The Accused Products include, but are not limited to, Defendants' infotainment systems and navigation systems, included in all trims and configurations, such as the Hyundai Tucson.  The Hyundai Tucson is exemplary and representative of the Accused Products.

21.     For example, Defendants have and continue to directly infringe at least claim 1 of the '881 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include Defendants' infotainment systems and navigation systems, or equivalent thereof, such as in the Hyundai Tucson, among other products.

22.     Defendant, through the use and provision of the Hyundai Tucson and Accused Products, performs a display mode control method to be implemented in an electronic device having a display panel for showing navigational map information.  The Hyundai Tucson performs the step of enabling the electronic device to determine the time of day.  The Hyundai Tucson performs the step of enabling the electronic device to operate the display panel in a nighttime display mode when the time of day corresponds to nighttime, and in a daytime display mode when the time of day is otherwise; wherein the navigational map information is shown on the display

panel in a light shade against a dark background when the display panel is operated in the nighttime display mode, and in a dark shade against a light background when the display panel is operated in the daytime display mode.

23.    For example, the Hyundai Tucson's infotainment display's brightness can automatically adjust based on the time of day.





¹ http://webmanual.hyundai.com/PREM_GEN5/AVNT/FE/KOR/English/system010.html.
² https://www.youtube.com/watch?v=EH04wbvDUaQ&t=80s&ab_channel=HyundaiUSA;
https://owners.hyundaiusa.com/us/en/searchloggedout?query=display%20brightness.

24.     Through demonstrations, testing, repairs, troubleshooting, training, and instructional guidance, such as at trade shows, Hyundai has used the Accused Products in a manner that directly infringes at least claim 1 of the '881 Patent

25.     Defendants have and continue to indirectly infringe one or more claims of the '881 Patent by knowingly and intentionally inducing others, including Hyundai customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

26.     Defendants, with knowledge that these products, or the use thereof, infringe the '881 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '881 Patent by providing these products to customers and end-users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their officers, agents, and employees to not review the patents of others, including specifically those related to Defendants' specific industry, with the subjective belief that there was a high probability that Defendants would learn of their infringing activities, thereby remaining willfully blind to the '881 Patent at least as early as the issuance of the '881 Patent.

27.     Defendants have and continue to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '881 Patent, but while remaining willfully blind to the infringement.  Defendants have and continue to induce infringement by their customers and end-users by supplying them with instructions on how

to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' websites, product literature and packaging, and other publications.[3] For example, Defendants prepare and provide customers and end-users with Owner's Manuals for their specific vehicles, as well as access to other vehicle information. On information and belief, Defendants' Owner's Manuals and other vehicle information documents are prepared by or under the direction of Defendants to instruct customers and end-users on how to use the Accused Products in an infringing manner. On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendants.

Copyright 2022 HYUNDAI Motor Company. All rights reserved. No part of this publication may be reproduced, stored in any retrieval system or transmitted in any form or by any means without the prior written permission of HYUNDAI Motor Company.[4]

28.     Because of Defendants' inducement, Defendants' customers and end-users use Accused Products in a way Defendants intend and directly infringe the '881 Patent. Defendants perform these affirmative acts with knowledge of the '881 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '881 Patent.

29.     Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '881 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement

---

[3]     *See* Hyundai Tucson 2021-present Owner's Manual, available at: https://dmassets.hyundai.com/is/content/hyundaiautoever/Tuscon+NX4pdf?_gl=1*om9dxt*_gcl _au*MTYzNzc3MjY4OS4xNzQ0NzYyOTI3*FPAU*MTYzNzc3MjY4OS4xNzQ0NzYyOTI3; *see also* https://www.hyundai.com/uk/en/owners/owning-a-hyundai/owners-manuals.html; https://owners.hyundaiusa.com/us/en/resources/getting-started; https://owners.kia.com/content/owners/en/manuals.html; https://owners.genesis.com/us/en/resources/manuals-warranties.html.
[4]     https://dmassets.hyundai.com/is/content/hyundaiautoever/Tuscon+NX4pdf?_gl=1*om9dxt*_gcl _au*MTYzNzc3MjY4OS4xNzQ.

by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '881 Patent is directly infringed by others.  The accused components within the Accused Products are material to the invention of the '881 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be especially made or adapted for use in the infringement of the '881 Patent.  Defendants perform these affirmative acts with knowledge of the '881 Patent and with intent, or willful blindness, that they cause the direct infringement of the '881 Patent.

30.    Modena has suffered damages as a result of Defendants' direct and indirect infringement of the '881 Patent in an amount to be proved at trial.

31.    Modena has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '881 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## <u>COUNT II</u>
### (Infringement of the '124 Patent)

32.    Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

33.    Modena has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '124 Patent.

34.    Defendants have and continue to directly infringe the '124 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more

10

claims of the '124 Patent.  The Accused Products include, but are not limited to, Defendants' infotainment systems and navigation systems, included in all trims and configurations, such as the Hyundai Tucson.  The Hyundai Tucson is exemplary and representative of the Accused Products.

35.    For example, Defendants have and continue to directly infringe at least claim 7 of the '124 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include Defendants' infotainment systems and navigation systems, or equivalent thereof, such as in the Hyundai Tucson, among other products.

36.    The Hyundai Tucson comprises a navigation device for displaying navigation information according to a traveling direction thereof.  The Hyundai Tucson comprises a memory for storing a navigation map (e.g., internal flash memory, SSD in the infotainment head unit, and/or SD card or other removeable media).  The Hyundai Tucson comprises a signal receiving unit for receiving at least one positioning signals from a position system via an antenna (e.g., GPS antenna).  The Hyundai Tucson comprises a central processing unit electrically connected to the signal receiving unit and the memory (e.g., the infotainment and/or telematic CPU), for retrieving the current position according to the received positioning signals; wherein the central processing unit dynamically adjusts a first displaying parameter of the current position and a second displaying parameter of the navigation map, and fetches a corresponding displayed section of the traveling direction of navigation map according to the second displaying parameter when a direction parameter of the current position is changed. The Hyundai Tucson comprises a displaying unit for displaying the current position and the navigation map in a navigation information frame according to the first displaying parameter and the second displaying parameter (e.g., the infotainment display).

37.    For example, the Hyundai Tucson can indicate the proper lanes to be in to make a turn and/or exit as the car approaches the turn and/or exit.



38.    Defendants have and continue to indirectly infringe one or more claims of the '124 Patent by knowingly and intentionally inducing others, including Hyundai customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

39.    Defendants, with knowledge that these products, or the use thereof, infringe the '124 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '124 Patent by providing these products to customers and end-users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their officers, agents, and employees to not review the patents of others, including specifically those related to Defendants' specific industry, with the subjective belief that there was a high probability that Defendants would learn of their infringing activities, thereby remaining willfully blind to the '124 Patent at least as early as the issuance of the '124

---

[5] https://owners.hyundaiusa.com/us/en/resources/technology-and-navigation.

Patent.

40.     Defendants have and continue to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '124 Patent, but while remaining willfully blind to the infringement.  Defendants have and continue to induce infringement by their customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' websites, product literature and packaging, and other publications.[6] For example, Defendants prepare and provide customers and end-users with Owner's Manuals for their specific vehicles, as well as access to other vehicle information. On information and belief, Defendants' Owner's Manuals and other vehicle information documents are prepared by or under the direction of Defendants to instruct customers and end-users on how to use the Accused Products in an infringing manner.  On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendants.

Copyright 2022 HYUNDAI Motor Company. All rights reserved. No part of this publication may be reproduced, stored in any retrieval system or transmitted in any form or by any means without the prior written permission of HYUNDAI Motor Company.[7]

---

[6]    *See*    Hyundai    Tucson    2021-present    Owner's    Manual,    available    at: https://dmassets.hyundai.com/is/content/hyundaiautoever/Tuscon+NX4pdf?_gl=1*om9dxt*_gcl_au*MTYzNzc3MjY4OS4xNzQ0NzYyOTI3*FPAU*MTYzNzc3MjY4OS4xNzQ0NzYyOTI3; *see also*    https://www.hyundai.com/uk/en/owners/owning-a-hyundai/owners-manuals.html; https://owners.hyundaiusa.com/us/en/resources/getting-started; https://owners.kia.com/content/owners/en/manuals.html; https://owners.genesis.com/us/en/resources/manuals-warranties.html.
[7] https://dmassets.hyundai.com/is/content/hyundaiautoever/Tuscon+NX4pdf?_gl=1*om9dxt*_gcl_au*MTYzNzc3MjY4OS4xNzQ.

41.     Because of Defendants' inducement, Defendants' customers and end-users use Accused Products in a way Defendants intend and directly infringe the '124 Patent.  Defendants perform these affirmative acts with knowledge of the '124 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '124 Patent.

42.     Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '124 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '124 Patent is directly infringed by others.  The accused components within the Accused Products are material to the invention of the '124 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be especially made or adapted for use in the infringement of the '124 Patent.  Defendants perform these affirmative acts with knowledge of the '124 Patent and with intent, or willful blindness, that they cause the direct infringement of the '124 Patent.

43.     Modena has suffered damages as a result of Defendants' direct and indirect infringement of the '124 Patent in an amount to be proved at trial.

44.     Modena has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '124 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '461 Patent)

45.     Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

14

46.     Modena has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '461 Patent.

47.     Defendants have and continue to directly infringe the '461 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more claims of the '461 Patent.  The Accused Products include, but are not limited to, Defendants' infotainment systems and navigation systems, included in all trims and configurations, such as the Hyundai Tucson.  The Hyundai Tucson is exemplary and representative of the Accused Products.

48.     For example, Defendants have and continue to directly infringe at least claim 7 of the '461 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include Defendants' infotainment systems and navigation systems, or equivalent thereof, such as in the Hyundai Tucson, among other products.

49.     The Hyundai Tucson comprises a navigation system for use in an electronic device. The Hyundai Tucson comprises a display unit (e.g., the infotainments display).  The Hyundai Tucson comprises a processing unit generating a route planning result according to at least a destination (e.g., the infotainment and/or telematic CPU), wherein the electronic device performs a navigation process according to the route planning result, the processing unit determining whether at least one navigation condition has occurred, and when the navigation condition has occurred, displaying a position schematic diagram in the display unit, wherein the position schematic diagram comprises the destination and a current position of the electronic device, wherein the determination of whether the navigation condition has occurred is performed by

determining whether the navigation process based on the route planning result has terminated (e.g., when the Hyundai Tucson reaches the destination set in the navigation system, it indicates on the infotainment display that the destination has been reached and the navigation is terminated).

50.    Defendants have and continue to indirectly infringe one or more claims of the '461 Patent by knowingly and intentionally inducing others, including Hyundai customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

51.    Defendants, with knowledge that these products, or the use thereof, infringe the '461 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '461 Patent by providing these products to customers and end-users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their officers, agents, and employees to not review the patents of others, including specifically those related to Defendants' specific industry, with the subjective belief that there was a high probability that Defendants would learn of their infringing activities, thereby remaining willfully blind to the '461 Patent at least as early as the issuance of the '461 Patent.

52.    Defendants have and continue to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '461 Patent, but while remaining willfully blind to the infringement.  Defendants have and continue to induce infringement by their customers and end-users by supplying them with instructions on how

to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' websites, product literature and packaging, and other publications.[8] For example, Defendants prepare and provide customers and end-users with Owner's Manuals for their specific vehicles, as well as access to other vehicle information. On information and belief, Defendants' Owner's Manuals and other vehicle information documents are prepared by or under the direction of Defendants to instruct customers and end-users on how to use the Accused Products in an infringing manner. On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendants.

Copyright 2022 HYUNDAI Motor Company. All rights reserved. No part of this publication may be reproduced, stored in any retrieval system or transmitted in any form or by any means without the prior written permission of HYUNDAI Motor Company.[9]

53.    Because of Defendants' inducement, Defendants' customers and end-users use Accused Products in a way Defendants intend and directly infringe the '461 Patent. Defendants perform these affirmative acts with knowledge of the '461 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '461 Patent.

54.    Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '461 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement

---

[8]    *See* Hyundai Tucson 2021-present Owner's Manual, available at: https://dmassets.hyundai.com/is/content/hyundaiautoever/Tuscon+NX4pdf?_gl=1*om9dxt*_gcl_au*MTYzNzc3MjY4OS4xNzQ0NzYyOTI3*FPAU*MTYzNzc3MjY4OS4xNzQ0NzYyOTI3; *see also* https://www.hyundai.com/uk/en/owners/owning-a-hyundai/owners-manuals.html; https://owners.hyundaiusa.com/us/en/resources/getting-started; https://owners.kia.com/content/owners/en/manuals.html; https://owners.genesis.com/us/en/resources/manuals-warranties.html.
[9] https://dmassets.hyundai.com/is/content/hyundaiautoever/Tuscon+NX4pdf?_gl=1*om9dxt*_gcl_au*MTYzNzc3MjY4OS4xNzQ.

by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '461 Patent is directly infringed by others.  The accused components within the Accused Products are material to the invention of the '461 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be especially made or adapted for use in the infringement of the '461 Patent.  Defendants perform these affirmative acts with knowledge of the '461 Patent and with intent, or willful blindness, that they cause the direct infringement of the '461 Patent.

55.    Modena has suffered damages as a result of Defendants' direct and indirect infringement of the '461 Patent in an amount to be proved at trial.

56.    Modena has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '461 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT IV
### (Infringement of the '286 Patent)

57.    Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

58.    Modena has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '286 Patent.

59.    Defendants have and continue to directly infringe the '286 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more

claims of the '286 Patent.  The Accused Products include, but are not limited to, Defendants' infotainment systems and navigation systems, included in all trims and configurations, such as the Hyundai IONIQ.  The Hyundai IONIQ is exemplary and representative of the Accused Products.

60.    For example, Defendants have and continue to directly infringe at least claim 13 of the '286 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include Defendants' infotainment systems and navigation systems, or equivalent thereof, such as in the Hyundai IONIQ, among other products.

61.    The Hyundai IONIQ comprises a navigation device capable of displaying activity information.  The Hyundai IONIQ comprises a GPS (Global Positioning System) receiving unit for receiving a positioning signal (e.g. the Hyundai IONIQ GPS system).  The Hyundai IONIQ comprises a data storage unit for storing a navigation map (e.g., internal flash memory, SSD in the infotainment head unit, and/or SD card or other removeable media).  The Hyundai IONIQ comprises a display unit for displaying the navigation map corresponding to the positioning signal (e.g., the infotainment display).  The Hyundai IONIQ comprises an information transceiver for receiving a plurality of activity information with latitude and longitude (e.g., Hyundai Bluelink system working with the Telematics Control Unit ("TCU") and/or other over-the-air receivers). The Hyundai IONIQ comprises a processing unit for providing an information preference menu and for controlling the display unit to display an activity icon of corresponding activity information on a corresponding activity location of the navigation map according to the setting of the information preference menu and the latitude and longitude, and the processing unit being further for providing a reminder message when determining a current location of the navigation device is closer within a predetermined distance from the activity icon on the navigation map (e.g., the

infotainment and/or telematic CPU).

62.     For example, the Hyundai IONIQ can provide real-time information about certain

locations, such as charging stations.





---

[10] https://www.youtube.com/watch?v=l2D-cQE0teo&t=2s.

63.     Defendants have and continue to indirectly infringe one or more claims of the '286 Patent by knowingly and intentionally inducing others, including Hyundai customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

64.     Defendants, with knowledge that these products, or the use thereof, infringe the '286 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '286 Patent by providing these products to customers and end-users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their officers, agents, and employees to not review the patents of others, including specifically those related to Defendants' specific industry, with the subjective belief that there was a high probability that Defendants would learn of their infringing activities, thereby remaining willfully blind to the '286 Patent at least as early as the issuance of the '286 Patent.

65.     Defendants have and continue to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '286 Patent, but while remaining willfully blind to the infringement. Defendants have and continue to induce infringement by their customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' websites, product literature and

packaging, and other publications.[11] For example, Defendants prepare and provide customers and end-users with Owner's Manuals for their specific vehicles, as well as access to other vehicle information. On information and belief, Defendants' Owner's Manuals and other vehicle information documents are prepared by or under the direction of Defendants to instruct customers and end-users on how to use the Accused Products in an infringing manner. On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendants.

Copyright 2022 HYUNDAI Motor Company. All rights reserved. No part of this publication may be reproduced, stored in any retrieval system or transmitted in any form or by any means without the prior written permission of HYUNDAI Motor Company.[12]

66.    Because of Defendants' inducement, Defendants' customers and end-users use Accused Products in a way Defendants intend and directly infringe the '286 Patent. Defendants perform these affirmative acts with knowledge of the '286 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '286 Patent.

67.    Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '286 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District

---

[11]    *See* Hyundai IONIQ 2021-present Owner's Manual, available at: https://dmassets.hyundai.com/is/content/hyundaiautoever/Tuscon+NX4pdf?_gl=1*om9dxt*_gcl_au*MTYzNzc3MjY4OS4xNzQ0NzYyOTI3*FPAU*MTYzNzc3MjY4OS4xNzQ0NzYyOTI3; *see also* https://www.hyundai.com/uk/en/owners/owning-a-hyundai/owners-manuals.html; https://owners.hyundaiusa.com/us/en/resources/getting-started; https://owners.kia.com/content/owners/en/manuals.html; https://owners.genesis.com/us/en/resources/manuals-warranties.html.
[12] https://dmassets.hyundai.com/is/content/hyundaiautoever/Tuscon+NX4pdf?_gl=1*om9dxt*_gcl_au*MTYzNzc3MjY4OS4xNzQ.

and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '286 Patent is directly infringed by others.  The accused components within the Accused Products are material to the invention of the '286 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be especially made or adapted for use in the infringement of the '286 Patent.  Defendants perform these affirmative acts with knowledge of the '286 Patent and with intent, or willful blindness, that they cause the direct infringement of the '286 Patent.

68.    Modena has suffered damages as a result of Defendants' direct and indirect infringement of the '286 Patent in an amount to be proved at trial.

69.    Modena has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '286 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Modena prays for relief against Defendants as follows:

a.    Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b.    An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the Patents-in-Suit;

c.    An order awarding damages sufficient to compensate Modena for Defendants'

23

infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

      d.     Entry of judgment declaring that this case is exceptional and awarding Modena its costs and reasonable attorney fees under 35 U.S.C. § 285; and

      e.     Such other and further relief as the Court deems just and proper.

Dated:  May 6, 2025                Respectfully submitted,

*/s/ Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, NY 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, NJ, 07078
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

***ATTORNEYS FOR PLAINTIFF,***
***MODENA NAVIGATION LLC***
